IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

WILDEARTH  GUARDIANS,

Plaintiff,

v.                                                          case no.

U. S.  BUREAU OF LAND MANAGEMENT,
and the Field Manager of  BLM's Rio Puerco
Field Office (Kymm Gresset),

Defendants.

## COMPLAINT FOR  FREEDOM OF INFORMATION ACT  RELIEF

TO THE HONORABLE COURT:

1.     Defendant U.S.  BUREAU  OF  LAND  MANAGEMENT  ("Defendant"  or

"BLM") is a federal government agency within the Department of Interior ("DOI").

BLM is directly responsible for carrying out  DOI's obligations under statutes and

regulations governing public lands grazing in a place in New Mexico referred to by

Defendants as the **Rio Puerco Resource Area ("RPRA")**.   Plaintiff also hereby

sues in her official capacity BLM's Field Manager in charge of BLM's Rio Puerco

Field Office ("**RPFO**").   The Field Manager is a real person who changes from time

1

to time (currently Kymm Gresset) but who has direct authority and ability on behalf of BLM to implement and apply the laws and regulations at issue herein.

2.     Plaintiff WILDEARTH GUARDIANS is a non-profit membership organization with its principal offices in Santa Fe, New Mexico.  Plaintiff has other offices and staff throughout the Western USA.  Plaintiff has more than 200,000 members and activists, some of whom live, work, or recreate on or near the RPRA Plaintiff seeks to protect and preserve.  Plaintiff and its members are dedicated to protecting and restoring the wildlife, public lands and riparian areas of the American West.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552,  the Freedom of Information Act ("FOIA").  The Court can also provide relief pursuant to 28 U.S.C. §§ 2201-2202 and 5 U.S.C. §§ 553, 702 and 706.

4.     Venue in the District of New Mexico is proper under FOIA because Plaintiff resides in this District, the RPRA is within this District and all the records and information sought by Plaintiff about the RPRA are kept and maintained by BLM's RPFO in Albuquerque.

5.     Plaintiff has exhausted all required administrative remedies.    5 U.S.C. § 552(a)(6)(C).

2

<u>some Introductory and Background Facts</u>

6.     Exhibit 1 hereto in support of this Complaint is a copy of Public Law 104-
333, which established the Rio Puerco Management Committee, authorized
$7,500,000 for its activities and directed biannual reports under BLM's leadership
about "the extent and causes of watershed impairment", "current and historical
natural resource conditions" and plans for "improvement of watershed conditions".
Exhibit 2 hereto is the first 2 pages of the initial report in 1998.  The Rio Puerco is
"an impaired watershed".  This report says it contributes less than 10% of the water
flowing into Elephant Butte Reservoir but more than 70% of the silt.

7.     Exhibit 3 hereto is certain pages of the May 2001 Watershed Restoration
Action Strategy.  The Rio Puerco is "in need of restoration".  Page 2 states:

>  "The watershed has been studied in great detail by a variety of noted
>  investigators including geologists, geomorphologists, habitat and range
>  management specialists, social scientists and others.  The Rio Puerco
>  has acquired a worldwide renown as a severely impacted and degraded
>  watershed, synonymous with accelerated erosion processes"

From the page numbered 10 of Exhibit 3:  "These effects are largely due to a lack of
vegetative density and diversity in a region of high erosion potential and impacts
resulting from habitat alteration."

8.     Exhibit 4 hereto is the complete 2001 report to Senator Jeff Bingamon.  From
its page 2 -

> "The Rio Puerco, once the "breadbasket of New Mexico", has achieved
> worldwide notoriety as a severely impacted and degraded watershed,
> the poster child for accelerated erosion . . . . .  The Corps of Engineers
> has noted that soil erosion within the  watershed surpasses that of any
> other watershed in the country[.]"

Also on page 2  -   BLM "has invested between $350,000 and $400,000 a year in

sagebrush control, erosion control structures, dam repair and maintenance, and

riparian habitat protection on public lands within the watershed."

9.     Exhibit  5  hereto  is  a  learned  treatise  written  by  one  of  the  "noted

investigators" the Rio Puerco Management Committee referred to.  This one at its

page 3 claims the Rio Puerco contributes only 4% of the flow into the Rio Grande

but 78% of the sediment.**1**

---

1        The Court may take judicial notice of public records such as government documents.   The
accuracy of research information referenced in government reports is reliable, since the public
government reports themselves are deemed sufficiently reliable.   *HTC Corp. v. IPCom GmbH &
Co.*, 671 F. Supp. 2d 146, 151 (D.D.C. 2009);   *Dark Storm Indus., LLC v. Cuomo*, 471 F. Supp.
3d 482, 483, n. 2 (ND  N.Y. 2020).

10.    The US Bureau of Reclamation has disclosed that in the year 2000 approximately $4.3 million dollars was spent dredging a new channel in the Rio Grande to Elephant Butte reservoir, and that now every year approximately $2.5 million dollars is spent keeping that channel dredged and open.  Exhibit 6 hereto. Much of this expense is directly related to the causal effects of over-grazing (destruction) of the range BLM continues to allow in the RPRA and the Chico Arroyo watershed in particular.

11.    In 1993, the Chico Arroyo from the Rio Puerco to "Charlotte's Well" was found to be in "nonfunctional condition".  "A reassessment in 1998 concluded that conditions had not improved".  Exhibit 7 hereto, page numbered "17" within the exhibit.  Charlotte's Well is a large spring to the west of the Azabache grazing allotment in the RPRA.**2**    The Rio Puerco is to the east of Azabache.

12.    Despite what BLM knows and what its regulatory duties and obligations require, BLM refuses to simply:  reduce grazing and protect the riparian areas in the RPRA in accordance with BLM's management plans.

---

2       Charlotte's Well is actually in the Mesa Cortada grazing allotment.  BLM has officially enclosed Charlotte's Well with fencing to protect it from grazing as an important riparian area, but the grazing permittees have removed the fencing and BLM has done nothing about it.

13.    In addition to doing nothing about the ongoing permanent damage to the public lands in the RPRA,  RPFO has even allowed its over-grazing permittees to build trespass structures in the RPRA resulting in de-facto takings of the public lands.   After allowing these outrageous trespasses in at least one instance RPFO has even tolerated discussion of rewarding the trespass by just GIVING the land away ("swap") since someone built trespass structures on it.   See for example **Exhibit 8** hereto which is documentation from RPFO's own files and records about "Azabache camp".**3**

## MATERIAL  FACTS

14.    Defendants have long recognized that Plaintiff is an interested person as to the RPRA, that Defendants are required by law to notify of and consult with about important RPRA management decisions.  Although Defendants acknowledge that Plaintiff is an interested person, they have generally failed even in their duty to simply notify Plaintiff of important RPRA management decisions and give Plaintiff an opportunity to comment.

---

3      The "Field Trip Notes" in Exhibit 8 also admit that certain structures have been built in a "WSA" -  "Wilderness Study Area".    Congress has forbidden the building of any structures in WSAs.

15.    Plaintiff was formerly known as "Forest Guardians".    **Exhibits 9 and 10 hereto** in support of this Complaint are copies of an Injunction and Court-Orders Plaintiff previously sought and received from this Court in **"the Calkins litigation" (hereinafter "the Court-Orders")**, all of which was prosecuted for Plaintiff by Hon. Steve Sugarman (retired).  The Calkins litigation was brought pursuant to the Endangered Species Act ("ESA"), the Taylor Grazing Act ("TGA") and the Federal Land Policy and Management Act ("FLPMA") among others.

16.    As the Court can see for itself from the Court-Orders, Plaintiff gave up any further rights to challenge the adequacy of certain of Defendants' RPRA management plans (page 5 of Exh. 10).  Plaintiff has fully complied with what it agreed to in the Calkins litigation.   In contrast, BLM has abjectly, persistently failed and refused to implement and comply with the management plans like it agreed and like this Court Ordered it to.   The Court-Orders "shall apply to plaintiff and the federal defendant, and anyone acting on their behalf".   "[T]he substance of the riparian habitat management plans adopted at the conclusion of the NEPA process shall be binding on [Defendants]".

17.    The Court-Orders in the Calkins litigation essentially required that BLM develop two (2) new management plans applicable to the RPRA:  the "Albuquerque Field Office Riparian and Aquatic Habitat Management Plan and Environmental

Impact Statement" and the "Southwestern Willow Flycatcher Management Plan." BLM did develop and adopt these 2 complementary management plans but it has abjectly persistently failed and refused to actually manage the RPRA in accordance with these plans.

18.    The US Department of the Interior ("DOI") itself, after a lengthy review and analysis of some of the facts Plaintiff alleges about RPFO's management of grazing in the RPRA, has already to a substantial degree AGREED with many of the contentions Plaintiff makes about RPFO's management of the public land:   **Exhibit 11 hereto  -  IBLA 2016-203 issued on 12/9/20**.

19.    The legal effect of the Interior Board of Land Appeals' Summary Judgment in favor of Plaintiff in IBLA 2016-203 is:   there is no lawful permit or license for any grazing on the Azabache allotment.  A bovine on that allotment is an illegal trespass.

20.    Plaintiff sent Defendants the FOIA request dated November 12, 2021 at **Exhibit 12** hereto.  Defendants received the original on **November 15**.

21.    Plaintiff sent Defendants the FOIA request dated December 6, 2021 at **Exhibit 13** hereto.  Defendants received the original on December 7.

22.    On December 14, 2021 Plaintiff sent a separate written request to Defendants that they comply with the letters at Exhibits 12 and 13 hereto.

8

23.     Defendants have not acknowledged or responded to Plaintiff's attached FOIA requests at all.

CLAIM FOR RELIEF -  Defendants' violations of the Freedom of Information Act

24.     Plaintiff's attached letters at Exhibits 12 and 13 hereto are adequate FOIA requests.    5 U.S.C. § 552(a)(3);   DOI Department Manual 383-DM-15 and FOIA Handbook.

25.     One of the purposes of Plaintiff's FOIA requests is to allow Plaintiff to further evaluate

        a)      the extent to which Defendants continue to fail to comply with the Court's Orders in the Calkins litigation;

        b)      the extent to which Defendants continue to fail to comply with their own Riparian Habitat and Southwestern Willow Flycatcher management plans;   and

        c)      what Defendants have done about the flagrantly illegal on-going trespasses within the Azabache allotment  (continued livestock overgrazing and "Azabache camp").

26.    Defendants' failure to comply with the FOIA requests or even to acknowledge them or request more time to comply, as of the date of filing this Complaint, violates FOIA.   5 U.S.C. § 552(a)(6)(A).

27.    The Court is authorized "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."   5 U.S.C. § 552(a)(4)(B).

28.    Plaintiff requests the Court Order Defendants to produce all records and information sought by Plaintiff's attached FOIA requests.   The Court may grant this relief pursuant to the Administrative Procedures Act or pursuant to 28 U.S.C. §§ 2201-2202 as an alternative to granting the relief pursuant to FOIA.

29.    Plaintiff requests the Court assess against Defendants reasonable attorney fees and costs incurred   by Plaintiff.    The Court may do so pursuant to 5 U.S.C. § 552(a)(4)(E).


        WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:   Declare that Defendants violated FOIA;   Order Defendants to fully promptly comply with Plaintiff's information requests;   assess attorney fees and costs against Defendants;   Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

By: _____

Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

11